IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(NEWARK DIVISION)

RECEIVED
JAN 29 2010
AT 8:30_____M
WILLIAM T. WALSH, CLERK

**JUSTIN PAGE,**

Plaintiff,

v.

**KARL FREDERICK OCHSE,**

Defendant.

Index No. 10-531 (FSH)

**COMPLAINT AND
JURY DEMAND**

Hon.: _____, U.S.D.J.

Plaintiff JUSTIN PAGE, upon information, knowledge and belief, as and for his complaint against defendant KARL F. OCHSE, certifies and states:

### INTRODUCTION

1. In this action is for, intra alia, defamation (libel per se, slander per se & false light), lost wages, intentional infliction of emotional harm, civil conspiracy, malicious prosecution, and civil rights violations contrary to the precepts of the United States Constitution and 42 U.S.C. § 1983 et seq. with parallel authority in the New Jersey Civil Rights Act against plaintiff by defendant by way of bad faith, tortuous, atrocious and untenable acts-- plaintiff seeks compensatory, compulsory, punitive and exemplary damages at an amount to be set at trial, but not less than $7,944,900.00 (Seven Million Nine-Hundred and forty-four thousand, Nine-Hundred Dollars) exclusive of fees, costs and interest.

2. Defendant is the ex-husband of plaintiff's (as of this writing—former) fiancée (Ms. Barbara Ochse).

3. In a series of defendant's attempts to interfere with the relationship (and the marriage proper) between plaintiff and Ms. Ochse, and that of plaintiff's long-standing step-parent relationship with defendant's children-- defendant took reckless, illegal and foolish acts involving outright perjury, false reports and alarms, restraining orders, and systematic and organized <u>per se</u> defamation in plaintiff's workplace, to each and every family member or acquaintance of Ms. Ochse, to each of his children's friend's parents, to each of his current and former neighbors, and falsely stated plaintiff was going to kill each of them, was a "bad influence" on his ex-wife and children, and that he had "kidnapped" either his ex-wife or was trying to do the same with his children, and other statements, including false statements made by defendant, his agents or operatives, made directly to plaintiff's employer. All of the above statements are false and the defendant knew they were false but acted in reckless disregard of their truth or falsity.

4. Defendant stated to large groups that plaintiff intended to kill all of the Sawyer (Ms. Ochse) family and this statement caused fear to an entire family of all ages.

5. All of the acts and omissions of the defendant are fueled by the fact; first and foremost, that plaintiff is of Russian Jewish descent. Defendant and his family are rabid anti-Semites deeply associated with, and were members of, the Nazi party during the years before, during and after World War II, and are proudly anti-Semitic themselves. To this day, defendant's brother, a federally convicted and repeat offender <u>pedophile</u>, is a member or agent of his federal penitentiary's neo-Nazi party "gang."

6. There is substantial public interest embedded in prosecution of all of the claims herein.

## THE PARTIES

7. Plaintiff JUSTIN PAGE is an individual citizen and resident of the State of New Jersey, County of Essex, residing and/or doing business at 623 Eagle Rock Avenue #346, West Orange, New Jersey 07052.

8. Defendant KARL FREDERICK OCHSE is an individual citizen and resident of the State of Maine, County of Cumberland, residing at 357 Libby Avenue, Gorham, Maine 04038.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds the sum of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs.

10. This court has original jurisdiction because defendant has deprived plaintiff of his lawful rights under the 1st, 4th, 5th, 6th, 7th, 8th, 9th and 14th amendments to the United States Constitution ("Bill of Rights") and other parallel authority in the New Jersey Constitution and Civil Rights Act.

11. Jurisdiction is properly laid in the district court because of civil rights claims under 42 U.S.C. § 1983 and relevant authorities in the New Jersey Civil Rights Act.

12. Venue is proper in this district pursuant to 28 U.S.C. § 1391, because a substantial part of the events giving rise to plaintiff's claims occurred in this judicial district.

13. Venue is proper in this district because defendant abused and distorted New Jersey criminal law, and manipulated on-duty and on-patrol law enforcement officers, located at the West Orange Police Department, out of spite and malice, and in violation of New Jersey state criminal law, with false reports, made in bad faith and under false color of law. Therefore, since

defendant's criminal acts started in one jurisdiction and were executed in this jurisdiction, this Court has supplemental jurisdiction pursuant to 18 U.S.C. § 3237.

## FACTUAL BACKGROUND

14. Defendant KARL FREDERICK OCHSE is the former husband of BARBARA OCHSE, who is plaintiff's fiancée.

15. Plaintiff was romantically involved with Barbara Ochse after she was divorced.

16. Defendant KARL FREDERICK OCHSE was divorced from BARBARA OCHSE in or about May, 2008. However, since that time; contrary to the order of divorce, defendant has asserted undue control, demanded and received restoration of conjugal rights and demand his ex-wife BARBARA OCHSE alienate her affection for plaintiff.

17. In fact, on March 13, 2009, defendant threatened to "take the kids away" from BARBARA OCHSE, if she did not file a perjured Protection from Abuse petition against plaintiff, alleging no abuse as per law and composed primarily of lies dictated by defendant to Ms. Ochse.

18. Still very much in love with plaintiff, Ms. Ochse had the fraudulent case, strong-armed by the defendant herein, dismissed with prejudice in or about May of 2009. Shortly thereafter, plaintiff and Ms. Ochse resumed their romantic relationship and planned to marry.

19. During this time and before, plaintiff's child and defendant's children became extremely close friends. However, in defendant's endless struggle to regain the wife he scared away, he has intentionally inflicted emotional harm on to a minor, plaintiff's daughter and infant interest, "CP" (age 12), to say nothing of his own children, to whom he is regularly abusive.

20. On many occasions, plaintiff's fiancée Ms. Ochse would bring the children to my residence, a suite in the Wilshire-Grand Hotel (a luxury hotel) in West Orange, NJ for weekends.

We would stay in the suite where I resided for my work, and we would make daily trips to educational and entertaining activities for the children.

21. At no time during the 5 (five) or 6 (six) months of these trips did defendant <u>ever</u> object to these trips for any reason. Indeed, on several occasions he either dropped his children off at the airport or picked them up when they returned.

22. Despite these facts, and the fact defendant knew his children were going to a resort-type hotel with their mother and (at that time) soon-to-be step-father (plaintiff), defendant perjured himself in court papers stating his ex-wife was "holed-up" in a hotel room and further entered a perjured document, supposedly a condition of his divorce decree that was to keep plaintiff away from defendant's children. No such document was ever entered in his divorce action, or has been since that time. This document was a complete fabrication which he used to further perjure himself and in obtaining an illusory restraining order against both plaintiff, and defendant's ex-wife, and plaintiff's fiancée, BARBARA OCHSE.

23. Further, defendant made reckless statements and publications that plaintiff was restraining Ms. Ochse and planned to "kidnap" defendant's children, knowing that such statements were completely false.

24. Further, defendant made reckless statements in public forums stating that the plaintiff planned to murder them.

### COUNT ONE:
### DEFAMATION: LIBEL & SLANDER PER SE

25. Plaintiff re-alleges and incorporates by reference all previous paragraphs of this complaint.

26. Defendant published or made false statements and/or representations regarding plaintiff, including that plaintiff was "exerting undue control" on plaintiff's wife-to-be, was

"unstable" and/or had "mental problems" and/or was a "witch" and suggestions that plaintiff had acted in an inappropriate way with defendant's children. He further stated that plaintiff was restraining Ms. Ochse, and/or planned to "kidnap" the children, knowing that such statements were ridiculously false. The most outrageous was defendant's reports in public forums that plaintiff intended to kill any one or a group of the 10 or 20 specific people to whom he was speaking, and these statements created substantial fear in those who heard it.

27. Remarkably, defendant told his own children (and his children's friends and their parents) and members of both Ms. Ochse family and his own, that the sudden separation and lack of communication between them and their mother, the children's primary custodian, was caused by plaintiff's restraint of her and not as a result of defendant's bald-faced lies to the Police and the Courts. Meanwhile, under false color of law, defendant actually *did* parentally kidnap the children from the children's mother in this jurisdiction according to N.J.S.A. 2A 34-31 (c).

28. The reports issued by defendant were published in an arena open to all, in public records and in false statements to Ms. Ochse family, as well as Plaintiff's employers, clients, associates, friends and other members of the public or consumers of public records.

29. The completely fictitious and venomous statements said and published by defendant were of such a despicable nature that their mere utterance can be reasonably construed to damage, and to continue to damage plaintiff.

30. Defendant had knowledge of the falsity of these statements and acted in reckless disregard of whether or not they were true or false.

31. The false statements made by defendant would be considered highly offensive to a reasonable person.

WHEREFORE, plaintiff is entitled to recover damages for defendant's defamation of plaintiff's character and portrayal of him in a false light, in an amount to be determined at trial but not less than $2,500,000.00 (two million five-hundred thousand dollars.)

## COUNT TWO
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

32. Plaintiff re-alleges and incorporates by reference all previous paragraphs of this complaint.

33. Defendant's conduct was as extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious, and utterly intolerable in a civilized community.

34. Defendant's actions caused Plaintiff severe emotional distress.

35. The emotional distress suffered by Plaintiff was so severe that no reasonable person could be expected to endure it.

36. Defendant intentionally and recklessly inflicted severe emotional distress upon plaintiff, or was certain or substantially certain that such distress would result from his conduct.

WHEREFORE, Plaintiff is entitled to recover relief for Plaintiff's intentional infliction of emotional distress in an amount to be determined at trial but not less than $2,500,000.00 (two million five-hundred thousand dollars)

## COUNT THREE
## CIVIL RIGHTS VIOLATIONS (42 U.S.C. § 1983) AND THE 1ST, 4TH, 5TH, 6TH, 7TH, 8TH, 9TH AND 14TH AMENDMENTS TO THE UNITED STATES CONSTITUTION ("BILL OF RIGHTS") WITH PARALLEL AUTHORITIES IN THE CONSTITUTION OF THE STATE OF NEW JERSEY AND THE NEW JERSEY CIVIL RIGHTS ACT

37. Plaintiff re-alleges and incorporates by reference all previous paragraphs of this complaint.

38. Plaintiff is, intra alia, of second-generation maternal Russian (Ashkenazy) Jewish decent.

39. Defendant and his family are rabid anti-Semites deeply associated with, and members of, the Nazi party during the years before, during and after World War II, and are proudly anti-Semitic themselves. Defendant's direct paternal ancestors were responsible for the Roter Ochse prison in Prussia, where Hitler's political prisoners were detained, tortured and eventually killed. Defendant's direct maternal ancestors include the murderous Nazi mastermind ERNST ALBERT SIELAFF, whose name was disclosed by the Federal Bureau of Investigation in 2002 pursuant to the Nazi War Crimes Disclosure Act, Group 65, listed in the disclosure as "(formerly internal security, foreign intelligence)" [paragraph marks in original] with the distinction "GS" (German Scientist). He was acquitted for life (by the Central Intelligence Agency) for his war crimes due to his scientific specialty which were found especially valuable by the U.S. government in their new struggles with the new "eastern bloc" or the countries which would later be known as the "U.S.S.R." — human torture and extended forced interrogations.

40. Interestingly, Defendant's brother is also a drunk, a drug abuser and a federally convicted and incarcerated pedophile with strong "neo-Nazi" ties both within the federal penitentiary system and during his occasional and repeatedly failed probation attempts. *See*

*U.S.A. v. Ochse (U.S.D.C. Arizona, 01-cr-170), U.S.A. v. Ochse (U.S.D.C. Western South Carolina, 04-cr-500061), and U.S.A. v. Ochse (U.S.D.C. Western South Carolina, 06-cr-500065) and the voluminous derogatory probation records therein.*

41.     Defendant spoke openly and often of his hatred for anyone or anything Jewish. This is not surprising as, upon information and belief, members of defendant's family were intimately involved with the torture and summary execution of over 6 million Jewish people in the 1940's.

42.     Defendant has openly announced to his ex-wife and children that Jewish people "smell" and alluded to plaintiff's Jewish heritage.

43.     Defendant has made disparaging remarks, to Ms. Ochse family, and to his own children, and in public forums about his hatred for Jewish people and this plaintiff in particular.

44.     Plaintiff never has attempted and never would attempt to indoctrinate or proselytize Judaism or any other religion or belief system to defendant, his ex-wife, or children.

WHEREFORE, plaintiff is entitled to recover damages for defendant's violation of the precepts of the 1st, 4th, 5th, 6th, 7th, 8th, 9th and 14th amendments to the United States Constitution ("Bill of Rights") and 42 U.S.C. § 1983 et seq. (The Civil Rights Act of 1964, as amended) with parallel authorities in the Constitution of the state of New Jersey, in an amount to be determined at trial but not less than $2,500,000.00 (two million five-hundred thousand dollars.) Further, where plaintiff may fail to have adequate remedy at law, the Court is asked to refer this cause of action to the U.S. Human Rights Commission for possible criminal fines or imprisonment of defendant for his violation of the Act.

## COUNT FOUR
## MALICIOUS PROSECUTION

45. Plaintiff re-alleges and incorporates by reference all previous paragraphs of this complaint.

46. The acts of defendant solely for the purpose of malice, to shuck his lawful child support obligations, and to interfere with the marriage of plaintiff to defendant's ex-wife, and these acts caused actual damages to plaintiff. Further, and as a result, plaintiff's 4th and 14th amendment rights, with parallel authority in the Constitution of the State of New Jersey, were violated by defendant.

WHEREFORE, plaintiff is entitled to recover relief, for defendant's malicious prosecution of plaintiff, in an amount to be set at trial, but not less than $150,000.00 (one-hundred fifty-thousand dollars)

## COUNT FIVE
## CONSPIRACY

47. Plaintiff re-alleges and incorporates by reference all previous paragraphs of this complaint.

48. The acts and omissions of defendant were achieved by the false statements and manipulation of his family, plaintiff's fiancée's family, and his own children, the police in the state of New Jersey, and the state of Maine, who he illegally coerced into conspiring against the plaintiff as detailed hereinbefore.

WHEREFORE, defendant is indebted to plaintiff for a sum not less than $150,000.00 (one-hundred fifty-thousand dollars) for his conspiracy as against plaintiff.

## COUNT SIX
## LOST WAGES DUE TO SLANDER

49.     Plaintiff re-alleges and incorporates by reference all previous paragraphs of this complaint.

50.     That, in or around January, 2010, by defendant's wanton and deliberate acts, plaintiff was deprived his lawful employment by defendant and that defendant knew his conduct was illegal and would cause the plaintiff lost wages and pursued them anyway.

WHEREFORE, defendant is indebted to plaintiff for a sum not less than $144,000.00 (one-hundred forty-four thousand dollars), for plaintiff's lost wages due to defendant's slander.

## COUNT SEVEN
## COMPULSORY CLAIM

51.     Plaintiff re-alleges and incorporates by reference all previous paragraphs of this complaint.

52.     The acts and omissions of defendant have resulted in a debt owed to plaintiff by defendant, namely, unused plane tickets which were purchased in good faith and went unused because of defendant's acts against plaintiff and defendant's own children, as complained of hereinbefore.

WHEREFORE, defendant is indebted to plaintiff for a sum not less than $900.00 (nine-hundred dollars) for unused non-refundable airplane tickets for defendant's own children, while using his children as mere tools in his drunken attempts to maintain control over his ex-wife, and stop plaintiff's wedding and future life.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff JUSTIN PAGE hereby asks the Court to issue an ORDER;

a) On Count One, to recover damages for defendant's defamation of plaintiff, in an amount to be determined at trial, but not less than $2,500,000.00 (two million five-hundred thousand dollars.), and;

b) On Count Two, to recover damages for defendant's intentional infliction of emotional distress in an amount to be determined at trial but not less than $2,500,000.00 (two million five-hundred thousand dollars), and;

c) On Count Three, to recover relief for defendant's violation of the precepts of 42 U.S.C. § 1983 et seq. (the Civil Rights Act of 1964, as amended) and with parallel authorities in the New Jersey State Constitution, in an amount to be determined at trial but not less than $2,500,000.00 (two million five-hundred thousand dollars.) and;

d) On Count Four, to recover relief for defendant's malicious prosecution of him, in an amount to be set at trial, but not less than $150,000.00 (one-hundred fifty-thousand dollars), and;

e) On Count Five, to recover relief for defendant's conspiracy against plaintiff for a sum not less than $150,000.00 (one-hundred fifty-thousand dollars), and;

f) On Count Six, to recover plaintiff's lost wages due to defendant's slander a sum not less than $144,000.00 (one-hundred forty-four thousand dollars), and;

g) On Count Seven, to be awarded $900.00 (nine-hundred dollars) for unused and cancelled plane tickets for defendant's children who were intentionally obstructed by defendant, and;

h) On all counts, for the Court to award punitive and exemplary damages, and;

i) Such other, further or different relief as the Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, a jury is hereby demanded on all issues.

## CERTIFICATIONS

Plaintiff certifies that the matters referenced are not the subject of any other Court or arbitration proceeding, and that no other parties should be joined. Defendant has a protective order, as to himself and his children, as against plaintiff, in the State of Maine, where he resides.

Plaintiff hereby certifies that the foregoing statements are true. Plaintiff understands that if any of the statements made herein are willfully false, he may be subject to punishment.

Dated:   January 26, 2010 in West Orange, New Jersey

Respectfully Submitted,

Justin Page, pro se
*Plaintiff*
623 Eagle Rock Avenue #346
West Orange, NJ 07052
Phone (646) 256-3911